UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANN HEITMAN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO: 1:19-cv-2508 |
| | ) |
| JOHN WILEY & SONS, INC. | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  Nature of the Case.**

Plaintiff, Ann Heitman ("Heitman"), brings this cause of action against Defendant, John

Wiley & Sons, Inc. ("Defendant" or "Wiley"), pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201 *et seq*. and §§ 251 *et seq*., and the Indiana Wage Payment Statute

("IWPS"), Ind. Code §§ 22-2-5-1 *et seq*.

**II.  Parties.**

1.      Heitman, at all relevant to this action, has resided and/or worked within the

geographical boundaries of the Southern District of Indiana times.

2.      Defendant is a foreign for-profit corporation that maintains offices and conducts

business within the Southern District of Indiana.

**III. Jurisdiction.**

3.      Original jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C.

§ 216(b).

4.      This Court has supplemental jurisdiction over Heitman's IWPS claim because it is

so related to Heitman's FLSA claim that they form the same case or controversy under Article

III of the United States Constitution.

5.      Heitman is a non-exempt former "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

6.      Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d) and Indiana Code § 22-2-5-1(a).

7.      Venue is proper in this Court.

## IV.  Factual Allegations

8.      Wiley originally hired Heitman in July 2009 as a Collection Representative for Credit Key Accounts.  In this position, Wiley considered Heitman a non-exempt employee and paid her an hourly rate.

9.      While in the position of Collection Representative, Heitman worked 35 hours per week.

10.      In approximately November 2015, Wiley changed Heitman's title to Team Leader, Key Account.  The change to Heitman's title was not a promotion and did not significantly change her day-to-day duties and responsibilities.

11.      Following Heitman's title change, Wiley erroneously treated Heitman as exempt.

12.      Heitman does not not manage a department, supervise any employees, or have the authority to hire or fire.

13.      Heitman does not exercise independent judgment on matters of significance.  For example, Wiley requires Heitman to receive written approval from her supervisors when dealing with amounts greater than $5,000.00 with respect to client deductions and/or settlments.

14.      Wiley employs another Team Leader in its Indianapolis location, with the same

job description and duties as Heitman that it treats as non-exempt.

15.     On February 12, 2019, Patricia Peters from Wiley's human resources department

e-mailed Heitman's manager, Patti Bull, regarding "Ann Heitman – FLSA status."  The e-mail

stated, in relevant part, as follows:

> Periodically, we review FLSA status to ensure that employees are assigned to the
> correct FLSA category.  During a recent review, we found that Ann Heitman is
> incorrectly categorized as exempt (ineligible for overtime).  We nee to re-
> categorize this individual as nonexempt, **but prior to doing so we would like to
> know from you whether the employee typically works overtime**, as she may
> request payment for overtime worked in the past while she was misclassified.
>
> As a result of moving to nonexempt status:
>
> - She will be eligible for overtime.
> - She will need to enter her hours into timesheets each week, as
>   they will no longer be pre-populated.  If you do not want her to
>   work overtime, you must let her know that.  If she enters any
>   overtime in the timesheet, please approve the overtime, but again
>   remind her she should not be working overtime unless she has
>   your approval.
>
> Please communicate this change to Ann by February 20th, so we can get this
> processed for the March 15th pay cycle.  Once you communicate it, please let us
> know so we can update the Talent Central system.

A true and accurate copy of the e-mail is attached as Exhibit A.

16.     In response to Peters' e-mail, Bull responded that Heitman "typically works more

than 40-hrs per week.  How far back would you go to reimburse her for overtime worked?"  [*See*

Exhibit A].

17.     After learning that Heitman typically worked over 40 hours per week, Peters

asked Bull to "hold off on communicating anything to Ann."  [*See* Exhibit A].

18.     To date, Wiley has failed and/or refused to properly classify Heitman as non-

exempt.

3

19.     To date, Wiley has failed and/or refused to compensate Heitman for all hours worked, including but not limited to overtime.

## V.  Causes of Action.

### Count I - Fair Labor Standards Act Violation.

20.     Heitman hereby incorporates paragraphs one through nineteen of her Complaint as if the same were set forth at length herein.

21.     Defendant has failed to compensate Heitman for all earned overtime wages.

22.     Heitman suffered injury as a result of Defendant's unlawful conduct.

23.     Defendant's actions have been intentional, willful, and in reckless disregard of Heitman's rights as protected by the FLSA.

### Count II – Indiana Wage Payment Statute Violation.

24.     Heitman hereby incorporates paragraphs one through twenty-three of her Complaint as if the same were set forth at length herein.

25.     Defendant failed to timely pay to Plaintiff all wages owed in violation of Indiana Code § 22-2-5-1, *et seq*.

26.     Plaintiff has suffered damages as a result of Defendant's violations of Indiana statute.

27.     Defendant's failure to pay Heitman her owed wages was in bad faith.

28.     Pursuant to Indiana Code § 22-2-5-2, Plaintiff is entitled to all unpaid wages, liquidated damages, and attorneys' fees.

## VI.  Requested Relief

WHEREFORE, Heitman, by counsel, requests that this Court find for her and:

1.      Order Defendant to pay all unpaid wages and benefits;

2.      Order Defendant to pay liquidated damages;

3.      Order Defendant to pay pre-and-post judgment interest;

4.      Order Defendant to pay attorneys' fees and costs incurred in litigating this action;

and

5.      Order Defendant to provide any and all other legal and/or equitable relief that this

Court sees fit to grant.

Respectfully submitted,


 s/ *Craig M. Williams*
Craig M. Williams
FOX WILLIAMS & SINK, LLC
6177 North College Ave.
Indianapolis, Indiana 46220
cwilliams@fwslegal.com
Phone: 317-254-8500

Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Ann Heitman, by counsel, respectfully requests a jury trial as to all issues

deemed so triable.


 s/ *Craig M. Williams*
Craig M. Williams